[837 NYS2d 884]

In the Matter of MARK A. BANAC, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 6, 2007

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Thomas J. Miller*, Syracuse, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 15, 1987, and maintains an office for the practice of law in Manlius. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his neglect of two client matters. Respondent filed an answer admitting the material allegations of the petition and appeared before this Court and submitted matters in mitigation.

Respondent admits that, while representing a plaintiff in a personal injury action, he failed to respond to demands for discovery and failed to oppose a motion for summary judgment dismissing the complaint, and the motion was granted. Additionally, he admits that he did not properly commence an action on behalf of another client. Finally, respondent admits that he failed to respond in a timely manner to requests for information from the Grievance Committee.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1])—intentionally failing to seek the lawful objectives of a client through reasonably available means permitted by law and the disciplinary rules;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services; and

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship.

We have considered the matters submitted by respondent in mitigation, including that, at the time of the misconduct, respondent was experiencing marital difficulties. Additionally, we have considered that respondent has taken steps to prevent the recurrence of the misconduct by, inter alia, hiring additional

staff, reducing his caseload and obtaining the assistance of another attorney to monitor his practice. Finally, we have considered respondent's expression of extreme remorse for the misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P., MARTOCHE, SMITH, CENTRA and PERADOTTO, JJ., concur.

Order of censure entered.