[885 NYS2d 687]

In the Matter of MARK A. BANAC, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 2, 2009

## APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Thomas J. Miller*, Syracuse, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 15, 1987, and maintains an office for the practice of law in Manlius. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his neglect of a client matter and his failure to cooperate with the investigation into that client's complaint. Respondent filed an answer admitting the allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

Respondent admits that he failed to file a trial note of issue in a personal injury action, resulting in the administrative removal of the case from the court docket, that he misrepresented the status of the case to the client, and that he took no action to restore the case to the court calendar. After the client retained new counsel, respondent failed to respond to requests to execute a consent to change attorney form and for the case file until the client filed a complaint with the Grievance Committee. The client ultimately abandoned the personal injury action after being advised of a settlement offer and that the insurance carrier intended to assert the defense of laches in the event that she attempted to restore the case to the court calendar.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1])—intentionally failing to seek the lawful objectives of a client through reasonably available means permitted by law and the Disciplinary Rules;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services; and

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship.

By order entered July 6, 2007 (43 AD3d 170 [2007]), we censured respondent for similar misconduct, and we note that most of the misconduct that is the subject of the instant proceeding occurred during the same time frame as the misconduct for which respondent previously was censured. Additionally, we have considered the matters submitted by respondent in mitigation, including that, at the time of the misconduct, he suffered from an anxiety disorder for which he has sought treatment. We have also considered the fact that respondent has taken steps to prevent a recurrence of the misconduct, including having obtained the assistance of another attorney to monitor his practice. Finally, we have considered respondent's expression of extreme remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P., SMITH, CENTRA, PERADOTTO and GORSKI, JJ., concur.

Order of censure entered.