[974 NYS2d 843]

In the Matter of MARK A. BANAC, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 8, 2013

### APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Thomas M. Robertson*, Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 15, 1987, and maintains an office in Manlius. The Grievance Committee filed a petition alleging three charges of misconduct against respondent, including failing to act with reasonable diligence in representing a client and engaging in conduct involving dishonesty or deceit. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee has submitted a report, which the Grievance Committee moves to confirm. In response to the motion, respondent appeared before this Court and submitted matters in mitigation.

With respect to charge one, the Referee found that, in March 2012, respondent was retained by a client to prepare a power of attorney, health care proxy and will. The Referee found that the client requested that respondent prepare the documents in an expeditious manner in connection with the client's divorce and relocation from Connecticut to New York. The Referee further found that, on March 27, 2012, respondent met with the client to discuss the matter and requested that she return in two days to execute the documents. The Referee found that, on March 29, 2012, respondent presented the client with drafts of a power of attorney and health care proxy, although respondent had not prepared a will. The Referee further found that, although the client signed the power of attorney and health care proxy, respondent failed to provide for the necessary witnessing and notarization of those documents. The Referee found that, on April 2, 2012, respondent sent the client via email a draft of an irrevocable trust, rather than a will. The Referee additionally found that the client thereafter attempted to contact respondent and that, on April 10, 2012, the client terminated his services by letter. Although at the hearing in this matter respondent presented proof that the client had requested an irrevocable trust in addition to a power of attorney, health care proxy and will, the Referee found that respondent neither prepared the requested will nor provided for the proper execution of the other documents.

With respect to charge two, the Referee found that, in 2011, respondent was retained to represent a client with respect to the sale of certain real property. The Referee found that, prior to the real estate closing, respondent was contacted by counsel for the daughter of his client. The daughter's counsel stated that the daughter had an interest in the proceeds of the real estate sale and proposed that the net proceeds of the sale be divided equally between the daughter and respondent's client. The Referee found that, by letter dated December 20, 2011, respondent unequivocally informed the daughter's counsel that his client agreed to remit to the daughter half of the net proceeds of the real estate sale. The Referee further found that, based upon respondent's understanding that the daughter was in possession of a vehicle that was titled in the name of his client, respondent additionally demanded on behalf of his client that the daughter refinance the loan that financed the purchase of the vehicle and tender title to the vehicle to respondent's client. By letter dated January 3, 2012, however, the daughter's counsel responded that ownership of the vehicle was not an issue because title to the vehicle was in the daughter's name only. The Referee found that, on several occasions between December 20, 2011 and January 20, 2012, respondent told the daughter's counsel that he would notify her when a closing date had been scheduled. The Referee found that, on January 25, 2012, the daughter's counsel advised respondent via facsimile that the daughter had moved out of the house involved in the real estate sale, but had decided not to refinance her vehicle loan. The Referee further found that the daughter's counsel subsequently received a letter from respondent dated January 25, 2012, stating that, on January 20, 2012, respondent had conducted the real estate closing and had remitted all proceeds to his client. Although respondent testified at the hearing in this matter that any agreement to divide equally the proceeds of the real estate sale between his client and her daughter was rendered void when the daughter failed to refinance her vehicle loan, the Referee found that respondent had engaged in deceit by omission when he purposefully did not disclose his position on that point to the daughter's counsel in advance of the closing.

With respect to charge three, the Referee found that respondent's disciplinary history and the conduct at issue in this matter constitute a course of conduct that adversely reflects on his fitness as an attorney.

We confirm the findings of the Referee and conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.3 (a) (22 NYCRR 1200.0)—failing to act with reasonable diligence and promptness in representing a client;

rule 8.4 (c) (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, respondent's substantial disciplinary history, which includes four letters of caution, two letters of admonition and two censures imposed by this Court (*Matter of Banac*, 69 AD3d 10 [2009]; *Matter of Banac*, 43 AD3d 170 [2007]). We have further considered the ongoing nature of the misconduct inasmuch as most of the conduct at issue herein is similar to conduct that, at least in part, gave rise to those prior disciplinary matters. In addition, although respondent states in mitigation of the charges that he has obtained the assistance of another attorney to monitor his practice, we note that he has made similar representations to this Court in response to prior allegations of misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of the Court.

Smith, J.P., Fahey, Carni, Sconiers and Valentino, JJ., concur.

Order of suspension entered.